IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                          Plaintiff,                        ORDER

   v.

                                                                   09-cr-56-bbc

BRANDON HENDRIX,

                          Defendant.
_____

     The grand jury has charged defendant Brandon Hendrix with being an unlawful user of crack cocaine in possession of an SKS rifle and a Ruger .45 caliber pistol, in violation of 18 U.S.C. § 922(g)(3). The firearms were found and seized during execution of a state search warrant looking primarily for drugs (as well as firearms gang material, *etc.*). Hendrix has moved to quash the search warrant and has requested a *Franks* hearing on his motion,[1] alleging reckless or material omissions from the search warrant affidavit. *See* dkt. 17. The government objects to holding a *Franks* hearing. *See* dkt. 18.

     As discussed below, Hendrix is not entitled to a *Franks* hearing. Perhaps it would have been better practice for the search warrant affiant to have included the information proffered by Hendrix, this evidence is not material to the probable cause determination and it does not support the inference that the affiant intentionally or recklessly failed to include it.

     To obtain a *Franks* hearing, Hendrix must make a substantial preliminary showing that (1) the search warrant affidavit omitted material facts; (2) the affiant omitted the material facts intentionally or with reckless disregard for the truth; and (3) these omitted facts actually were material, that is, were necessary to support the court's finding of probable cause. *See Franks*, 438

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

U.S. at 155-56; *United States v. Carmel*, 548 F.3d 571, 577 (7th Cir. 2008). "These elements are hard to prove and thus *Franks* hearings are rarely held." *United States v. Swanson*, 210 F.3d 788, 790 (7th Cir. 2000). Some courts impose an an even higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission from an affidavit because of the potential for endless rounds of *Franks* hearings due to potentially endless conjecture about investigative leads, fragments of information or other matter that might have redounded to the defendant's benefit if included in the affidavit. *See United States v. Fowler*, 535 F.3d 408, 415-16 (6th Cir. 2008).

The affiant for the state search warrant in this case was Dane County Sheriff's Detective Chris Grunewald. His April 21, 2009 affidavit is attached as Exh. A to Hendrix's suppression motion, dkt. 17, and it speaks for itself. By way of synopsis, Detective Grunewald offers boilerplate observations based on his training and experience that drug traffickers commonly drugs, money, records and firearms in their homes. Sometime between April 19 -21, 2009, Detective Grunewald met with an undercover officer, Detective Kevin Hughes, and a confidential informant to attempt to purchase crack cocaine from Hendrix. Detective Grunewald vouched for the truthfulness and reliability of the CI, stating that the CI had provided at least five pieces of information that Detective Grunewald had independently corroborated.

The CI identified Hendrix from a booking photo and told the officers that he had bought crack from Hendrix at his residence at 4502 Jenewein Road before. During a February 20, 2009 jail booking, Hendrix had listed this address as his residence. Detective Hughes reported that during the week of April 19, 2009, he had seen "numerous persons" enter Hendrix's residence, or exit the residence next door (4504) before entering Hendrix's residence for short periods of

time, that is, less than five minutes. Detective Grunewald reported that Hendrix's criminal history/arrest record included charges of "obstructing, possession of drug paraphernalia, marijuana and possession/carry firearm."

Detective Grunewald stated that he "searched the CI prior to the controlled drug transaction to ensure he/she did not have any personal US currency or controlled substances during the controlled drug transaction with Hendrix." Then Detective Grunewald issued buy money to CI 1200. Detective Hughes drove the CI to Hendrix's residence and dropped him off. The CI entered and exited in about four minutes. The CI turned over a white rock that weighed less than 2 grams and field-tested positively for the presence of cocaine base. Detective Grunewald searched the CI again and did not locate any money or other controlled substances.

The CI reported that he had met with Hendrix in the residence and bought the crack from him with the buy money. The CI reported that Hendrix also had a handgun (possibly a .45), an electronic scale and additional crack in the front room of the residence. The CI reported that on previous visits to Hendrix's residence he had seen other firearms.

The state court issued the warrant, the execution of which resulted in the seizure of the two firearms charged against Hendrix in this federal prosecution.

According to Hendrix, Detective Grunewald omitted these facts from his warrant affidavit: at the time of these events, the CI–now identified as Herman Bell–was out on a signature bond on state charges of theft of moveable property. Bell's bond conditions included that he not commit new crimes. At the time Detective Grunewald "searched the CI prior to the controlled drug transaction to ensure he/she did not have any personal US currency or controlled substances during the controlled drug transaction with Hendrix," Detective Grunewald found

that Bell was carrying two gem style bags of marijuana and two small knotted plastic bags of "fake crack." Bell explained that he didn't know that the detectives were going to search him before the controlled buy from Hendrix. The government does not dispute the accuracy of these omitted facts but argues that they were immaterial.

The government is correct. Courts may review the "hypothetically inclusive" search warrant affidavit for probable cause. *United States v. Robinson*, 546 F.3d 884, 888 (7th Cir. 2008). Adding the omitted facts to Detective Grunewald's affidavit does not remove the probable cause to search Hendrix's residence for drugs. This is because the probable cause for the warrant arises out of the CI's actual controlled drug purchase. As previously noted, Detective Grunewald it would have been preferable to advise the reviewing court that the CI was out on bond for a theft charge and that the pre-buy search turned up marijuana and fake crack, if for no other reason than to avoid exactly this type of suppression motion. Additionally, judges are best able to make accurate decisions when they know all the relevant facts and circumstances. This court would have wanted to know about the CI's legal situation and his drug possession if it had been presented with this warrant application. If nothing else, this information dented the CI's purported reliability, since he was smoking dope while on state bond in violation of his conditions. But Detective Grunewald's vouching wasn't very important to the mix to begin with because he provides no details about the five pieces of corroborated information or whether they resulted in search warrants, arrests, charges or convictions.

More to the point, the objective evidence that drugs were present in 4502 Jenewein Road was sufficient to support a probable cause determination despite any concerns about informant reliability that might be raised by the CI's bond status and possession of contraband. The fact

4

that the detectives recovered marijuana and fake crack from the CI establishes not only that the CI was violating his bond, but also that he did *not* take any crack into Hendrix's residence when dropped off there by Detective Hughes. The CI went in empty and came out four minutes later with two grams of crack. This fact by itself was enough to establish probable cause to search the residence; after all, the warrant was for a place, not a person. But this objective evidence also corroborated the gist of the CI's story, while the omitted evidence did nothing to contradict it.

Sticking with our hypothetically inclusive affidavit, while a reviewing court could not trust the CI to stay drug free while bonded out on a theft charge, it nonetheless could give credence to his report of Hendrix's drug trafficking based on the CI's ability accurately to identify Hendrix, provide his street address, and obtain crack from that residence during a revolving-door visit. Add to this Detective Hughes' personal observation of frequent, short-term foot traffic and Hendrix's prior arrests on drug charges, and there definitely would be probable cause to support this search even with the omitted evidence included. *See, e.g., United States v. Hoffman*, 519 F.3d 672, 676-77 (7th Cir. 2008) (totality of circumstances established probable cause to search alleged drug dealer's home even if informants were deemed new and of unknown reliability).

As a result, it is irrelevant to the validity of the *Franks* determination whether there was any corroboration of the CI's claim that Hendrix had a handgun in the house. First, the corroboration of the other portions of the CI's claims were sufficient to deem the CI generally reliable even when the omitted facts are considered. More importantly, there did not have to be probable cause to search for guns as well as for drugs. Although Hendrix is in federal court on a gun charge, the obvious thrust of the state investigation was Hendrix's drug dealing. The

5

mention of guns seems directed more toward obtaining authorization for no-knock entry than to search for firearms. After all, Hendrix was not a convicted felon, so there is no apparent state law prohibiting his possession of the handgun observed by the CI. The bottom line is that the omissions cited by Hendrix were not material to the probable cause determination.

This pretty much ends the *Franks* inquiry, but it bears brief mention that the lack of materiality also undermines any inference that these omissions were intentional or reckless. Although sometimes the very fact of an omission from a warrant affidavit allows the inference that the omission was intentional, to be entitled to the inference of deliberate omission, a defendant must show that the affiant had obvious reasons for omitting the specified facts *see United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003). The fact of an omission, by itself, is not enough. *See Shell v. United States*, 448 F.3d 951, 957-58 (7th Cir. 2006); *cf. United States v. Swanson*, 210 F.3d at 790 ("an unimportant allegation, even if viewed as intentionally misleading, does not trigger the need for a *Franks* hearing.") The failure to provide the court with additional information that might have given a more complete picture of what was going on is, at most, negligence, and "a little negligence –actually even a lot of negligence–does not the need for a *Franks* hearing make." *Swanson*, 210 F.3d at 790-91.

Here, the omitted facts cited by Hendrix were not so obviously impeaching of the CI that they allow the inference that Detective Grunewald must have excluded them recklessly or intentionally. It is not clear on this record whether Detective Grunewald even knew that the CI was on bond for a theft charge. Even if he knew this, it would have faded in importance beside the key fact: the CI bought crack at 4502 Jenewein. As for the CI's possession of marijuana and fake crack, this also could have been deemed insignificant. After all, the detectives took this

6

stuff away from the CI before he went into the residence, so it could not have compromised the validity of the controlled buy that occurred. And, as just noted, once the CI produced the two grams of crack, the detectives also could have viewed the fact of the CI's bond violation as insignificant in the totality of circumstances. Reasonable minds could differ on this point, but a difference of opinion is not enough to get Hendrix a *Franks* hearing.

*Franks* hearings are necessary to ensure that a defendant is protected "where a Fourth Amendment violation has been substantial and deliberate." *Franks*, 438 U."S. at 171. The omissions cited by Hendrix do not meet this standard. His request for a *Franks* hearing is denied.

Entered this 2nd day of July, 2009.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge