IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                   ORDER

                      Plaintiff,

                                                                                09-cr-56-bbc

     v.

BRANDON HENDRIX,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Brandon Hendrix has filed objections to the report and recommendation entered by the United States Magistrate Judge on October 30, 2009. The magistrate judge recommended denial of defendant's motion to dismiss the indictment against him and to quash the search warrant that resulted in the seizure of the SKS 7.62 x 39 mm rifle and Ruger .45 caliber pistol that gave rise to the indictment. After reviewing the motions, objections and the magistrate judge's report, I will adopt the magistrate judge's recommendation and deny defendant's motions.

      Defendant was charged in an indictment with being an unlawful user of cocaine base in possession of an SKS rifle and Ruger pistol. He moved to dismiss the indictment, arguing that the charges against him violated the Second Amendment to the United States

1

Constitution. In addition, he moved to quash the search warrant, arguing that the informant's allegations were not sufficiently trustworthy to support a finding of probable cause by the issuing judge. After the government filed a superseding indictment adding a charge of being a marijuana user to the indictment, the magistrate judge considered the constitutionality of the superseding indictment sua sponte.

In a thorough and persuasive report, the magistrate judge explored the state of Second Amendment law in this circuit and concluded that it would not support defendant's motion to dismiss. Although the Supreme Court held in District of Columbia v. Heller, 128 S. Ct. 2783 (2008), that the District of Columbia could not ban the possession of handguns in the home for self-defense by a person not otherwise prohibited from possessing a gun, the Court did not say that the Second Amendment barred all restrictions on the possession of firearms. Indeed, it said explicitly that its opinion "should [not] be taken to cast doubt on the possession of firearms by felons and the mentally ill." Id. at 2816-17.

As to defendant's motion to quash the search warrant, the magistrate judge explained why the affidavit in support of the search warrant was sufficient at the time the police applied for a warrant. It is true that the affidavit was based on statements from an informant who later disavowed the statements, but defendant has not suggested that the police had any reason to expect the change of heart or any reason to think the informant was not telling the truth when he made the statements. They had seen him go into defendant's

2

house with no drugs and come out again with crack cocaine and they had observed others entering the house and leaving quickly. Why should they think the informant was lying about defendant's being a drug dealer?

Defendant raises other concerns about the informant's credibility, but I agree with the magistrate judge that the informant's original statement was supported by objective evidence. Defendant does not challenge any of that evidence in his objection. Most notable, the informant went into defendant's house empty-handed and came out a few minutes later with two grams of crack. The warrant was valid on its face. Under the circumstances, it was not necessary for the magistrate judge to hold a <u>Franks</u> hearing.

ORDER

IT IS ORDERED that the magistrate judge's recommendation is ADOPTED. FURTHER, IT IS ORDERED that defendant Brandon Hendrix's motions to dismiss the superseding indictment against him and to quash the search warrant are DENIED.

Entered this 13th day of November, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3