IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                        OPINION AND ORDER

        Plaintiff,

                                        09-cr-56-bbc

    v.

BRANDON HENDRIX,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        After a confidential informant bought 1.9 grams of crack cocaine from defendant Brandon Hendrix on April 21, 2009, law enforcement officers obtained a warrant to search his residence. When they arrived, they found defendant present and under the influence of marijuana, crack cocaine and alcohol. Their search uncovered a loaded SKS rifle, a .45 caliber Ruger pistol, a Winchester shotgun, ammunition, knives and drug paraphernalia. Defendant was arrested the next day and charged in federal court with knowing and unlawful possession of firearms while being an unlawful user of marijuana and crack cocaine, in violation of 18 U.S.C. § 922(g)(3).

        Defendant entered a plea of guilty in November 2009 and sentencing was set for February 9, 2010. Shortly after the plea hearing, the Court of Appeals for the Seventh

1

Circuit issued a comprehensive opinion in <u>United States v. Skoien</u>, 587 F.3d 803 (7th Cir. 2009). The court questioned the constitutionality of 18 U.S.C. § 922(g)(9) (prohibiting the possession of firearms by persons convicted of misdemeanor domestic violence) in light of <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008). The court of appeals remanded the case to this court for further proceedings. Relying on the opinion in <u>Skoien</u>, defendant moved for an adjournment of his scheduled sentencing in this case to allow briefing on the constitutionality of subsection (3) of § 922(g). His request was granted and briefing followed. In the meantime, the court of appeals vacated its opinion in <u>Skoien</u> and granted rehearing en banc. <u>United States v. Skoien</u>, No. 08-3770, slip op. (7th Cir. Feb. 22, 2010).

The uncertainty of the outcome in <u>Skoien</u> is not a reason to delay a decision on defendant's challenge in this case because the two cases raise different questions. In <u>Skoien</u>, the defendant was convicted of possessing a gun he was forbidden from owning because of a previous misdemeanor. In this case, defendant's possession of guns was forbidden because he was violating the law when he had the guns in his possession.

Defendant maintains that the weapons in his residence were there for self-defense. He concedes that he was under the influence of a controlled substance when the search warrant was executed, but argues that it is unconstitutional under <u>Heller</u> to prohibit persons like him from possessing firearms for self-defense in their residence simply because they are users of controlled substances. His argument proceeds as follows: he has a constitutional

2

right under the Second Amendment to keep a handgun, rifle and shotgun in his house for self-defense both because guns were among the types of weapons in common civilian use for lawful purposes when the Amendment was drafted and ratified and there is no indication that in founding times simple drug users were stripped of their rights to possess guns. Thus, he comes within the founding era scope of the right.  Defendant maintains that the court must apply strict scrutiny to the prohibition to decide whether the government has shown that its classification of users of controlled substances as a group prohibited from possessing a firearm is a narrowly tailored classification that will further compelling government interests.  Alternatively, if the court decides that intermediate scrutiny is more appropriate, the court will have to decide whether the government has shown that the law is substantially related to an important governmental interest and that there is a reasonable fit between the prohibition and the interest it is intended to advance.  Finally, defendant requests a hearing on the constitutionality of § 922(b)(3) at which the government would be required to submit evidence on these matters.

     I conclude that defendant's argument fails because he has not shown that he is subject to any real burden.  If he does not use controlled substances, then § 922(g)(3) imposes no restriction on his possession of guns.  If he chooses to use them, then he cannot legally possess a gun.  The choice is his, not the government's.

3

OPINION

In <u>Heller</u>, 128 S. Ct. at 2821, the Court determined that the Second Amendment protects the right of "law-abiding, responsible citizens to use arms in defense of hearth and home." It said also that "nothing in our opinion should be taken to cast doubt on long-standing prohibitions on the possession of firearms by felons and the mentally ill." <u>Id.</u> at 2816-17. In an accompanying footnote, the Court added that it was identifying these "presumptively lawful regulatory measures" only as examples; the list was not intended to be exhaustive. <u>Id.</u> at 2817 n.26.

As many commentators have noted, the Court's sweeping language purporting to exempt whole categories of prohibitions raises many questions. <u>E.g.</u>, Mark Tushnet, *Heller and the Perils of Compromise*, 13 Lewis & Clark Law Rev. 419, 420 (2009) ("Exactly why these regulations are 'presumptively lawful' is obscure, as is what might be sufficient to overcome the presumption."); Eugene Volokh, *Implementing the Right to Keep and Bear Arms for Self-Defense,* 56 UCLA L. Rev. 1443 (2009) (proposing analytic framework for lower courts to use in applying <u>Heller</u>); Cass Sunstein, *Second Amendment Minimalism: <u>Heller</u> as <u>Griswold</u>,* 122 Harv. L. Rev. 246, 268 (2008) ("[I]t is emphatically clear that <u>Heller</u> leaves many questions open," including level of scrutiny for restrictions on Second Amendment right and scope of right). If the exemption language is not taken at face value, a lower court must analyze the constitutionality of each particular restriction on the Second Amendment right. How to do

4

so is not clear. Suggestions range from the undue burden standard, strict scrutiny, intermediate scrutiny or, as Professor Volokh has proposed, a three-part analysis that takes into account (1) the burden imposed by the law in question; (2) the scope of the protection afforded by the Second Amendment; and (3) the danger reduction promised by the law.

At first blush, the burden n this case seems to be a heavy one, prohibiting all users of controlled substances from possessing a gun, even at home for self-defense. A closer look at the so-called burden, however, shows that it is illusory. In effect, all that the government is saying is, "if you choose to keep a gun in your house, you can't use controlled substances." Compare United States v. Jackson, 555 F.3d 635, 636 (7th Cir. 2009) ("if Congress may forbid people who possess guns to deal drugs, it may forbid people who deal drugs to possess guns. The statements 'if you have a gun, you can't sell cocaine' and 'if you sell cocaine, you can't have a gun' are identical.")

This result comports with Volokh's approach. The mildness of the burden means that it is categorically constitutional, making it unnecessary for the government to prove that the law would be likely to materially reduce some harm. Volokh, 56 UCLA L. Rev. 1454. If one imposes a "scrutiny" analysis, the minimal nature of the burden warrants only a rational basis examination, which § 922(g)(3) would pass easily because it is obviously reasonable to prevent users of controlled substances from possessing guns. If they are under the influence of the substance, their judgment is impaired; if they are tempted to deal drugs to feed their

desire for more controlled substances, it is always possible that they will use any guns they have to further their criminal activity,

Preventing criminal users of controlled substances from possessing guns is not a restriction on the values that the Second Amendment protects, which, to repeat, is the right of law-abiding citizens to possess handguns in their homes for self-protection. Allowing such a prohibition to stand is not innately different from withholding First Amendment protection from falsehoods or child pornography or other areas of speech considered to have minimal value, if any, in promoting the values that free speech protects and supports.

This conclusion that § 922(g)(3) imposes only a minimal burden on the Second Amendment right recognized by the Supreme Court makes it unnecessary to consider either of the other two categories of analysis that Volokh proposes. These are the scope of the right, which is whether the Second Amendment was enacted on the assumption that certain categories of people are not sufficiently mature, sober or sane to fully appreciate the consequences of their actions and therefore pose a danger to others if armed, Volokh, 56 UCLA L. Rev. at 1497, and danger reduction, which, instead of looking to past attitudes about the kinds of persons who would pose undue risks if armed, looks to the judgments made by the legislating body. Id.

In addition, it is not necessary to consider a question similar to the one raised in Skoien, which is whether a person prosecuted under § 922(g)(3) should be subject to a

6

lifetime ban on gun possession, the natural consequence of a felony conviction for violation of this statute. One could argue that the prohibition should not last any longer than the person's use of controlled substances, but defendant has neither made this argument nor suggested that he would qualify for relief if it were adopted, so I will not address it.

I conclude that defendant's challenge to the constitutionality of § 922(g)(3) cannot succeed. The stay of sentencing will be lifted. Counsel should consult with the clerk of court to determine a new date and time for the sentencing hearing.

ORDER

IT IS ORDERED that defendant Brandon Hendrix's request for hearing on the constitutionality of 18 U.S.C. § 922(g)(3) is DENIED, as is his challenge to the constitutionality of the statute. The case will be rescheduled for sentencing promptly.

Entered this 5th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7

8

Case: 3:09-cr-00056-bbc   Document #: 66   Filed: 04/06/2010   Page 8 of 8